**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Champlain Oil                }
Company, Inc.                          }
                                       }    Docket No. 239-10-02 Vtec
                                       }
                                       }

**Decision and Order on Cross-Appellants' Motion for Partial Summary Judgment**

Appellant-Applicant Champlain Oil Company, Inc. appealed from conditions imposed on its project in a decision of the Planning Commission of the Town of Colchester granting site plan approval. Cross-Appellants Sisters & Brothers Investment Group and R.L. Vallee, Inc. appealed from the grant of site plan approval in the same decision. Appellant is represented by John W. O' Donnell, Esq.; Cross-Appellant R.L. Vallee is represented by Jon Anderson, Esq.; Cross-Appellant Sisters & Brothers Investment Group is not taking an active role in the appeal; the Town is represented by Richard C. Whittlesey, Esq.

Cross-Appellant R.L. Vallee has moved for summary judgment on Question 1 of its later-filed Statement of Questions: whether Appellant-Applicant' s proposed project represents a legal use of the site it proposes to acquire. The following facts are undisputed unless otherwise noted. All section numbers refer to the Zoning Regulations unless the Subdivision Regulations are specifically cited.

This appeal relates to a 13.91-acre parcel of vacant land on the east side of Route 7 and combined Routes 2 and 7, near and to the east of Exit 17 of Interstate 89, across Route 7 from its intersection with Route 2. The property was formerly owned by A.G. Anderson, Inc. and is now owned by Carroll Concrete - VT, Inc.

Prior to adoption of a zoning ordinance amendment on September 16, 2001, the property was located in a Commercial zoning district; after the effective date of that ordinance on October 8, 2001 it was located in the General Development 4 and the General Development 4 Commercial Overlay zoning districts. The property slopes gently away from the road from approximately 200 feet, and then slopes steeply down towards the east, towards Allen Brook which runs across the easterly end of the property. Cross-Appellant R.L. Vallee operates a gas station on property owned by Cross-Appellant Sisters & Brothers Investment Group at the northwestern corner of the intersection of Route 2 and Route 7, also on the east side of Interstate 89.

On May 14, 2001, Appellant-Applicant (as applicant) and A.G. Anderson Co., Inc. (as landowner), through their consultant Trudell Consulting Engineers, Inc., submitted a "Sketch Plan Application Form[1]" to the Planning Commission, together with the correct filing fee for sketch plan review. The project description described the project as follows:

The project includes a proposed restaurant, gas station/convenience store and a third building not yet designated (possible office). The project includes shared access with the O' Brien Brothers in accordance with the Town Plan. It also includes shared access with the Arbortech property (HCL currently proposing apartments).

Most importantly for the present analysis, that application form states that no lots are being created, and does not fill in any sizes for individual lots, though it states in parentheses: " possible 2 lots if Town Road goes in to O' Brien' s land;" that is, if a town road were to divide the entire property in two. The sketch plan shows proposed building footprints, parking lots, and retaining walls, and shows an 80-foot-wide road right of way entering the property directly across from the intersection of Route 2 with Route 7, but does not show subdivision lot lines, although the portions of the property associated with the three buildings are labeled Lot 1, Lot 2 and Lot 3, from south to north. The sketch plan shows two alternative locations for a road to be constructed from the entrance drive across the property to the O' Brien property to its east.

The sketch plan shows a gasoline station and convenience store to be located on the portion of the property marked as ' Lot 2,' diagonally across the intersection from Cross-Appellants' gasoline station. It contains a secondary entrance from the northbound lane of Route 7 onto the gasoline station property, as well as access via the main right-of-way to the property as a whole. The sketch plan shows a restaurant to be located on the portion of the property marked as ' Lot 1,' directly across the intersection from Cross-Appellants' gasoline station, and a ' building' to be located on the portion of the property marked as ' Lot 3.'

A ' sketch plan' application is not provided for at all in the Town' s Zoning Regulations or in connection with an application for a zoning permit. A ' sketch plan' application is only provided for in the Town' s Subdivision Regulations, § 201, to be submitted by a ' subdivider of land' to the town planner prior to submitting an application for subdivision approval, " for the purpose of classifications and preliminary discussion" of the subdivision with the Planning Commission. In practice in the Town of Colchester, the sketch plan has also been used (at least by the interim town planner involved in examining the present proposal) to make a preliminary examination of a subdivision project that would also have to undergo site plan approval.

No formal decision about a subdivision is made by the Planning Commission on the basis of the sketch plan application; it is used to identify problems and to determine what additional information will be necessary to complete the subdivision application. Some time in June 2001, the project consultants for Appellant-Applicant' s proposal must have inquired regarding the Planning Commission meeting on the sketch plan which was scheduled for August 7, 2001, because on June 29, 2001, the town planner wrote referring to the August 7, 2001 meeting, and stated in response to such an inquiry that:

The proposed project will require subdivision approval for the subdivision of the land and Site Plan Review for the separate buildings. The subdivision and Site Plan Review are two separate reviews. The sketch plan review is a preliminary review of the project for both the Site Plan and the subdivision review, no formal decision is made at this time.

The state statute governing treatment of applications filed during the pendency of a zoning amendment change was amended during the 2001 legislative session, effective July 1, 2001. For zoning changes proposed as of and after July 1, 2001, all applications filed within a 150-day period after the notice of a public hearing to amend the zoning regulation must be reviewed under the proposed amendment. 24 V.S.A. § 4443(d). No facts have been presented as to when Appellant-Applicant's consultant or the Town's zoning and planning officials became aware of this change in state law.

The consultant responded to the interim town planner's June 29, 2001 letter on July 2, 2001, stating that the applicant had "submitted a Sketch Plan application to subdivide[2] the [then-]Anderson property . . . into three lots and to develop these lots as a gas station/convenience store, restaurant and third building site . . . (probably office)." The letter stated that it was "critical that our Sketch Plan application be accepted for both the Subdivision approval process as well as the Zoning Site Plan Review approval process." The consultant's letter was addressed to the interim town planner and referred to statements from the zoning administrator suggesting that the project could or would be considered under the then-current zoning regulations. It specifically requested that the July 2, 2001 letter be accepted to confirm "that the gas station/convenience store and restaurant will be reviewed under current zoning."

The zoning administrator completed a project review sheet on August 3, 2001, for the project as submitted on the May 14, 2001 sketch plan, describing the project as "gas station/store, restaurant." The project review sheet showed that insufficient information was presented in the sketch plan regarding lot size (noting that no lot lines were shown), building heights, signs, and landscaping (noting that no landscaping plan had been provided), that the application did not conform with then-current regulations as to parking in the front yard setback, and that it did conform with then-current regulations as to zoning objective, permitted uses, lot width and lot coverage.

The minutes of the Planning Commission's August 7, 2001 meeting on the sketch plan, if it was held, have not been submitted to the court in connection with this appeal. No subsequent preliminary or final subdivision application was submitted to the Planning Commission for its consideration.

On August 16, 2001, the Selectboard issued notice of a public hearing on proposed amendments to the zoning regulations and map. In early September, 2001, the consultant and the zoning administrator discussed the project, and on September 10, 2001, the zoning administrator/director of planning and zoning wrote to the consultant warning him that, "in order to preserve your client's rights under current zoning, you must submit a site plan application prior to October 1[3], 2001;" that as of September 10, 2001 the Town had not yet received a site plan application, and that the application must be submitted for the entire parcel as the subdivision lots had not yet been created.

The Selectboard held its hearing on the zoning amendments and they were approved on September 18, 2001, with an effective date of October 8, 2001. These amendments included the establishment of the General Development 4 zoning district and the General Development 4 Commercial Overlay zoning district for the area near the Exit 17 intersection of Interstate 89.

Under these amendments, no ' new gas sales use' may be located within 3,000 feet of an existing gas sales use on the same side of Interstate 89. § 2101.3(c). Under the former Commercial zoning district regulations, gasoline service stations had been a permitted use with special required conditions, and had no such restrictions as between a new and an existing use. § 1102.5.

On October 3, 2001, Appellant-Applicant (as applicant) and Carroll Concrete - VT, Inc. (as landowner), through the same consultant, Trudell Consulting Engineers, Inc., submitted a " Site Plan Application Form" to the Planning Commission. The project description on that form described the project as follows:


The  project is a proposed gas station and convenience store on 13.91 acres. There are four proposed pumps in two islands under a canopy, also included is an 18 seat food court/deli. The Master Plan is to subdivide this land into 3 lots with the other two future lots serving a restaurant and possibly a medical health care building/office.

It is apparent from this project description that the subdivision of the property had not yet occurred and was not then being proposed. The site plan application was submitted for the entire 13.91-acre parcel. The application included a landscaping plan, a lighting plan, and a narrative showing how the project met certain of the site plan review criteria of § 1803.2. It was followed on October 4, 2001 with a letter enclosing a ' wastewater design brief' for the site, stating that the building floor plans would be submitted by October 8, 2001, and making the request " that the Commission deem the Site Plan Application complete under the old zoning" regulations. The site plan application was not complete at any time prior to October 4, 2001.

The Planning Commission appears to have accepted the site plan application as complete as of October 8, 2001, and proceeded to review it under the old zoning regulations as a permitted use in the Commercial zoning district. It was approved with conditions on September 30, 2002 and this appeal followed.

If the site plan application had been submitted and deemed to have been complete before August 16, 2001, the date of notice of the proposed zoning amendments, it could have been reviewed under the former zoning regulations. However, 24 V.S.A. 4443(d) as amended effective July 1, 2001, prevented the Town from allowing[4] applications submitted after that date from being reviewed under the former zoning regulations, even though the effective date of the new regulations did not occur until October 8, 2001.

To obtain site plan approval, a project must comply with all bylaws of the Town, including the Zoning Regulations. § 1803.2(*l*). Appellant-Applicant' s proposed gasoline station would be located on the same side of Interstate 89 as and within 3,000 feet of an existing gasoline station and therefore fails to comply with § 2101.3(c) of the amended zoning regulations. It therefore cannot qualify for site plan approval as the project is proposed in the present application.

Appellant-Applicant argues that its May 14, 2001 sketch plan application should be treated as a final site plan approval application or zoning permit application for the purposes of vesting its right to consideration under the prior regulations. It cannot be so treated. First, even if it were to

be treated as an application for site plan approval, rather than an application for sketch plan consideration for subdivision approval, it was not complete as of the May 14, 2001 date. Under the law as it applied before the amendment to 24 V.S.A. § 4443(d), to vest any rights to consideration under the old regulations, the May 14, 2001 application would have had to have been a complete site plan application filed in good faith. The Zoning Administrator' s August 3, 2001 project review sheet shows that it was not complete as of that date, just under two weeks before the August 16, 2001 cut-off for consideration under the old regulations. Even Appellant-Applicant' s own letter of October 4, 2001 recognized that its site plan application was not complete until some time between October 4, 2001 and October 8, 2001. Because Appellant-Applicant filed its site plan application on or about October 3, 2001, under 24 V.S.A. § 4443(d) it must be reviewed under the amended regulations.

Moreover, a " sketch plan application" only triggers subdivision review, and is not even considered a complete subdivision application. Without an associated complete application for site plan approval, the mere filing of a sketch plan application cannot vest a right either to site plan review or to a zoning permit under the regulations in effect at the time of the sketch plan application. See, In re Appeal of Taft Corners Assocs., 171 Vt. 135, 140 (2000).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Cross-Appellant' s Motion for Summary Judgment is GRANTED. It appears to the Court that this decision effectively concludes both the appeal and the cross-appeal. On or before noon on February 4, 2003, the parties shall each file with the Court and the other parties a statement in writing regarding whether any issues remain to be resolved by this Court in these appeals. If no such issues remain, this decision will become final on February 6, 2003; if any party believes any issues remain, we will hold a brief conference in person at the Costello Courthouse at 9 a.m. on February 6, 2003, to discuss the issues and the scheduling of further proceedings.

Done at Barre, Vermont, this 27th day of January, 2003.


_____
Merideth Wright
Environmental Judge



### Footnotes

[1]    Appellant-Applicant describes this application as an application for a zoning permit. It is not an application for a zoning permit, as such an application must be made to the zoning administrator. §1903 of the Zoning Regulations.

[2]    However, neither the May 14, 2001 sketch plan application nor the sketch plan itself shows lot lines for a subdivision, and the sketch plan application states that "0" lots are being created. If

it was intended as a Planned Unit Development (PUD), which requires review was a subdivision under Article XVI of the zoning regulations, the application did not so state.

3    As of the date of that letter, the hearing on the proposed zoning amendments had been scheduled for September 11, 2001, making the effective date of the amendments October 1, 2001, had they been approved at that hearing. Due to the events of September 11, 2001, the hearing on the zoning amendments was postponed to September 18, 2001.

4    We do not here decide whether Appellant-Applicant has any cause of action against the Town with regard to the Town officials' advice to file the applications before October to be considered under the old regulations. If there is such a cause of action, it would arise beyond the jurisdiction of this court.